[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, Lee Marino, brings this action for damages resulting from the purchase of a used car from the defendant, Newington Auto Parts, Inc.
The defendant denies the material allegations of the complaint and also raises special defenses.
Although the plaintiff brought this action in seven counts, prior to trial she withdrew counts two, four and six and pressed forward at trial with the remaining four counts.
The factual situation underlying these remaining counts is as follows:
The plaintiff purchased a used 1995 Saab, on or about February 19, 1997 from the defendant. She drove the car for about two or three years when she decided to buy a Volkswagen automobile from Crowley Volkswagen, Inc. about February 19, 1997. As part consideration for the purchase price of the Volkswagen, she turned in the Saab.
Shortly thereafter Crowley demanded that she pay to it an additional sum of money because the title to the Saab was stamped "Rebuilt", thus substantially reducing the valuation placed on the Saab for "turn-in" towards the purchase of the Volkswagen.
Subsequently, the plaintiff herein, Marino, and Crowley reached an agreement, Exhibit 5, wherein Marino would bring this action against the CT Page 9885 defendant herein, Newington Auto Parts, Inc., with any monetary recovery received by Marmno to be applied towards Crowley's claim against her. This recovery would be considered full payment of that claim.
Thus, the plaintiff contends in her complaint that she suffered damages as a result of the defendant's failure to inform her that the title to the Saab contained a stamped warning that the Saab's history indicated it may have received serious damages that could adversely affect its value; that she was unaware of this notation on the title at any time during her ownership of the Saab; that as a result she incorrectly informed Crowley that the title to the Saab was "clean" and incurred the above mentioned liability to Crowley.
The defendant denies that the plaintiff was unaware that the title to Saab reflected the Saab's history as a used car that had been stolen and subsequently recovered without damage.
The defendant contends that the evidence presented at trial is that the plaintiff purchased the 1995 Saab from the defendant, Newington Auto Parts, Inc. on or about February 1997. She had completely checked out the automobile. She was informed by defendant's employee, Wendy Bukowski, that stolen and recovered cars were sold by the defendant and never had any problems; that Plaintiff signed and received documents for the sale/purchase of the Saab from the defendant. These included prior title documents developed through the State of New York Motor Vehicle Department, which were stamped "Rebuilt Salvage/NJ".
Also, the purchase document (Exhibit 1) contained the notation "vehicle stolen and recovered. No damage".
Although the plaintiff was unsure whether she examined the Title Certificate from New York (Exhibit B); however, she did not read it so was not aware that the document indicated "Rebuilt Salvage/NJ". She nonetheless argues that the defendant had a duty to her to specifically point out this fact and to explain its full effect [including, apparently, possible scenarios such as the one at issue in this action]. Further, that when the Connecticut Motor Vehicle Department issued the Title Certificate for the Saab it was sent to the lien holder, thus she, the plaintiff, was unaware that the certificate also contained a "Rebuilt" stamp on its face. As a result she unknowingly gave incorrect information to Crowley regarding the status of the title to the Saab she turned in and which now places her in a position of responsibility for the incorrect valuation credited to her as a part of the payment for the Volkswagen she purchased from Crowley. To resolve this claim against her, the plaintiff entered into an agreement with Crowley wherein she would admit liability to Crowley for a claimed error in the turn-in CT Page 9886 valuation of her Saab by Crowley and in turn Crowley would accept the damages sum recovered by Marino in a suit by her against the defendant herein, Newington Auto Parts, Inc.
Presumably, Marmno determined that she was liable to Crowley because she knew, or should have known, that her title to the Saab had a defect and that she misstated the status of that title when she transferred it to Crowley.
If this is so, then her assertions in her complaint that she was unaware of the actual status of the Saab Title is not consistent with her agreement with Crowley.
Although she implies that even if she had seen the title certificate as stamped, she, as a layperson, would have no ability to determine its effect on valuation of the vehicle.
In any case, the plaintiff, at the conclusion of this trial — no matter the outcome — has no damages exposure to Crowley, thus has no economic damages to press against the defendant.
Although she claims that the value of the "rebuilt" Saab was overstated by the defendant at the time she purchased it, no creditable evidence was presented to that effect.
Thus, the plaintiff not only has suffered no economic damages on her purchase of the Saab from the defendant, she actually received a gain when Crowley valued the Saab for "turn-in" purposes as having a "clean" title.
Therefore, Marmno's claim of economic damages is found to be non-existent.
As to Marino's further claim of the breach of an express warranty; and, her claim that the defendant violated Connecticut General Statutes § 42-225 (b) (CUTPA), the court finds for the defendant on these allegations.
Regarding the breach of an express warranty based upon the requirements set out in Magnuson — Moss Warranty Act, 15 U.S.C. § 2301 (a) for informal dispute settlement procedure incorporated into the terms of a written warranty. Since no written warranty is alleged, no violation has occurred. Plaintiff's allegation of violations of Connecticut General Statutes § 42-225 (b), Connecticut Unfair Practices Act (CTJTPA) refers to a failure to disclose to the plaintiff that the Saab was determined to be a "constructive total loss", and that the defendant CT Page 9887 misrepresented the history of the Saab.[1]
The CUTPA claim made by the plaintiff under Connecticut General Statutes § 42-225 of failure to disclose that the Saab was declared to be a "constructive total loss" refers to Connecticut General Statutes § 38a-353 where the definition of that term refers to the cost to repair or salvage damaged property. All evidence adduced at the trial was to the effect that the Saab was recovered after its theft without damage. Thus no constructive total loss valuation, and no disclosure of such loss was available to be made.
As to the allegation of misrepresentation regarding the history of the Saab is based upon a violation of Regulations of Connecticut State Agencies § 42-110b-28 (b) (17). This regulation refers to advertising of motor vehicles that contains false representations or contains false statements. No evidence of any such advertising was presented in court. Thus no such violations are determined by the court.
With regard to plaintiffs allegation that the defendant breached an implied warranty of merchantability, seemingly is based upon the sale of the Saab with a "rebuilt" designation on the title as not being in a merchantable condition for sale as it would be without that "rebuilt" designation.
There does not seem to be any issue that the Saab was not saleable or merchantable as a used automobile since Crowley did sell it with the "rebuilt" title. However the "rebuilt" title could, and apparently did, affect the selling value.
The court previously determined that the plaintiff knew or should have known that the Saab's title carried the marking "rebuilt salvage/NJ" at the time she purchased the Saab from the defendant. Thus it was merchantable at that level of valuation, therefore no violation of the implied warranty of merchantability occurred.
Nor did the defendant breach its obligation of good faith and fair dealing since it produced for plaintiffs examination at the time of the sale title documents (Exhibits B, 1) marked "salvage rebuilt" and "stolen and recovered, no damage."
The plaintiff makes much of the fact that she did not see the title issued by the Connecticut Motor Vehicle Department because it was sent to the lienholder and not to her. However, this was an arrangement between the plaintiff and the lienholder to facilitate the execution of the loan and to which she agreed. CT Page 9888
The court, taking into consideration all of the properly pleaded allegations of the complaint, all the evidence admitted at the trial and the application of the pertinent law to the facts found by the court determines that the plaintiff has failed to prove by a preponderance of the evidence her allegations set out in her complaint.
Therefore, the court orders that Judgment is to enter for the defendant and against the plaintiff on all outstanding counts of the plaintiffs complaint.
 ____________________________ KREMSKI, JUDGE TRIAL REFEREE